1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CRAIG HUMMEL & ASSOCIATES            No.  1:16-CV-00009-DAD-JLT
    PROPERTY MANAGEMENT,
12                                       ORDER SUA SPONTE REMANDING
                 Plaintiff,              MATTER TO THE KERN COUNTY
13                                       SUPERIOR COURT AND DENYING AS
         v.                              MOOT MOTION TO PROCEED IN FORMA
14                                       PAUPERIS
    JOHN CASTON AND DOES 1
15  THROUGH 10,                          (Doc. Nos. 1, 2)

16               Defendants.

17

18          This is an unlawful detainer action brought under California state law by plaintiff Craig

19  Hummel & Associates Property Management against John Caston and Doe codefendants.  On

20  January 6, 2016, defendant Caston removed the case from the Kern County Superior Court on the

21  basis of diversity and federal question jurisdiction.  (Doc. No. 1.)  Defendant Caston alleges that

22  the parties are diverse, the amount in controversy is over $75,000, and that defendants seek

23  damages for alleged violations under the federal statute the Fair Debt Collection Practices Act.

24  For the reasons that follow, the court will remand this matter pursuant to 28 U.S.C. § 1447(c) due

25  to a lack of subject matter jurisdiction and deny defendant Caston's motion to proceed in *forma*

26  *pauperis* (Doc. No. 2) as moot.

27  /////

28  ///

1

*I. Legal Standard*

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

*II. Federal Question Jurisdiction*

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*,

215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, defendant Caston has not shown that removal of this action is appropriate on the basis of federal question jurisdiction.  The complaint filed by plaintiff is an unlawful detainer action that is based entirely on state law.  Defendant Caston relies on his answer to establish federal jurisdiction under the Fair Debt Collection Practices Act.  Specifically, defendant Caston alleges that defendants' "claims against Plaintiff are based on Plaintiff's alleged misrepresentation of the amount of debt due, and their own fraudulent actions."  (Doc. No. 1, 2:5-7.)  Defendant Caston is attempting to remove this case on the basis of what appears to be a type of federal defense.  This is improper, as the defensive invocation of federal law cannot form the basis of this Court's jurisdiction.  *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.  Because there is no federal question appearing in plaintiff's complaint, defendant Caston has failed to properly invoke this court's federal question jurisdiction.

### *III. Diversity Jurisdiction*

Federal courts may exercise "diversity jurisdiction" when the amount in controversy exceeds $75,000 and the parties are in complete diversity, i.e. that citizenship of each plaintiff is different from that of each defendant.  *See Hunter*, 582 F.3d at 1043; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332(a).  "Absent

1    unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege

2    affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265

3    F.3d 853, 857 (9th Cir. 2002).

4            Defendant Caston, however, has clearly not met the amount in controversy requirement of

5    diversity jurisdiction.  Plaintiff's complaint states that the "Amount demanded does not exceed

6    $10,000." (Doc. No. 1, 8.)  Where it is "not facially evident from the complaint that more than

7    $75,000 is in controversy," defendants are required to prove, "by a preponderance of the evidence,

8    that the amount in controversy [met] the jurisdictional threshold." *Valdez v. Allstate Ins. Co.*, 372

9    F.3d 1115, 1117 (9th Cir. 2004).  There is no proof submitted that the $75,000 threshold is met

10   here other defendant Caston's conclusory statement that the amount in controversy more likely

11   than not exceeds $75,000.  Plaintiff alleges that the Exhibit "A" demonstrates an amount in

12   controversy in excess of $75,000.  (Doc. No. 1, 3:15-19.)   However, Exhibit "A" clearly

13   contradicts this assertion as the only document therein that references anything related to the

14   amount in controversy is the complaint, which states the exact opposite.  Defendant Caston has

15   therefore failed to establish that the amount in controversy is over $75,000.  Accordingly, he has

16   not met his burden of establishing diversity jurisdiction.

17           *IV. Conclusion*

18           Courts have a duty to examine subject matter jurisdiction over removed actions *sua*

19   *sponte*.  *United Investors*, 360 F.3d at 967.  There is a strong presumption against subject matter

20   jurisdiction that a removing defendant must overcome, and any doubt over subject matter

21   jurisdiction results in a remand.  *See Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter*, 582

22   F.3d at 1042.  Defendant Caston has failed to overcome the strong presumption against federal

23   jurisdiction.  Therefore, this court is without subject matter jurisdiction and must remand this case

24   to the Kern County Superior Court.  *See* 28 U.S.C. § 1447(c); *Bruns*, 122 F.3d at 1257; *Page v.*

25   *City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995).

26   /////

27   /////

28   /////

4

*V. Order*

Based upon the foregoing:

1. This case is REMANDED forthwith to the Kern County Superior Court, pursuant to 28 U.S.C. § 1447(c) due to a lack of subject matter jurisdiction;

2. Defendant Caston's motion to proceed in *forma pauperis* (Doc. No. 2) is DENIED as moot; and

3. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **January 7, 2016**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE